33480.   PRESIDENT *v.* THE STATE.

DECIDED APRIL 13, 1951.

*Titus & Altman,* for plaintiff in error.

*J. B. Edwards, Solicitor-General,* contra.

TOWNSEND, J.   (After stating the foregoing facts.)   The language of the indictment indicates that it was intended to be drawn under Code § 26-6502 which makes it a misdemeanor for any person to "keep, maintain, employ or carry on any lottery or other scheme or device for the hazarding of any money or other valuable thing."   It will be noted that the indictment here does not charge the defendant with keeping a lottery, maintaining a lottery, employing or carrying on any lottery or

other scheme or device for the hazarding of any money or other valuable thing. It charges the defendant with having, keeping, possessing, maintaining and controlling certain lottery tickets, lottery books, lottery ribbons and other lottery articles for the purpose of being used in connection with keeping, maintaining and carrying on a lottery or other scheme or device for the hazarding of money or other thing of value. An indictment in the language of the Code section under consideration is sufficient provided that it specifies or names the kind of lottery being operated. See *Hodges* v. *State,* 55 *Ga. App.* 670 (191 S. E. 182). But where the terms used in the Code section are generic, as is the word "lottery" (there being an unlimited variety of games of chance which fall under this general head), it is not sufficient that an indictment charge the offense in the same generic terms as in the definition, but it must state the particular offense intended to be charged, and an indictment drawn under Code § 26-6502 which fails to name the kind of lottery or manner of operation of the scheme or device charged to be a lottery is defective in that it does not sufficiently apprise the defendant of the offense charged. *Roberts* v. *State,* 54 *Ga. App.* 704 (188 S. E. 844). Neither the name of the lottery nor the manner of its operation is here charged. How the tickets, books and ribbons alleged to be in the defendant's possession are used is not set out, and their possession, by itself, does not constitute a crime. It will be noted that the demurrers in this case are on the same grounds as those in the *Roberts* case. Further, the indictment in this case is subject to an additional defect not found in the indictment in the *Roberts* case, in that the words "lottery or other scheme or device for the hazarding of money or other things of value" is here alleged in the disjunctive, a defect which subjects the indictment to dismissal upon timely special demurrer. *Isom* v. *State,* 71 *Ga. App.* 803 (32 S. E. 2d, 437).

The indictment here, even should it be construed to charge the defendant with keeping, maintaining, employing and carrying on a lottery and other scheme and device for the hazarding of any money and any valuable thing, is insufficient to put the defendant on notice of the particular kind of lottery with which he is charged. The trial court therefore erred in overruling the grounds of demurrer making this point.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*