## A92A1345. JONES v. THE STATE.
### (426 SE2d 179)

BIRDSONG, Presiding Judge.

After Olin T. Jones was convicted of driving under the influence of alcohol and driving on a suspended driver's license, he filed this appeal. He contends the trial court erred by denying his motion to quash the DUI count, which was in the nature of a motion in arrest of judgment, because the count did not state an offense.

Jones was charged with three offenses arising from the same incident: Count 1, driving under the influence of alcohol to the extent he was a less safe driver (OCGA § 40-6-391 (a) (1)); Count 2, having a .12 BAT within three hours after driving (OCGA § 40-6-391 (a) (4)); and Count 3, driving on a suspended license (OCGA § 40-5-121). After the jury was sworn, Jones moved to quash Count 2, and after the motion was denied, the case proceeded to trial. Thereafter, the jury acquitted Jones of Count 1, but convicted him of Counts 2 and 3.

Jones' sole enumeration of error is that the trial court erred by submitting Count 2 to the jury. As Jones does not challenge his conviction of Count 3, it will not be discussed further. *Held:*

1. Although made orally after the jury was impaneled, Jones' motion was authorized because it was in the nature of a motion in arrest of judgment asserting that the accusation was defective on its face. See *Pullen v. State*, 199 Ga. App. 881 (406 SE2d 283); *State v. O'Quinn*, 192 Ga. App. 359, 361 (384 SE2d 888).

2. The relevant portions of Counts 1 and 2 accused Jones of: (Count 1) "The offense of misdemeanor driving under the influence of alcohol for that the said Olin T. Jones in the county aforesaid on the 23rd day of June, 1991, did unlawfully then and there drive and was in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for the accused to drive, contrary to the laws of said state, the peace, good order, and dignity thereof," and (Count 2) "the offense of misdemeanor driving under the influence of alcohol for that the said Olin T. Jones in the county aforesaid on the 23rd day of June, 1991, did unlawfully then and there while the accused's alcohol concentration was 0.12 grams or more at a time within three hours after *such driving and being in actual physical control* from alcohol consumed before such driving and being in actual physical control ended, contrary to the laws of said state, the peace, good order, and dignity thereof." (Emphasis supplied.)

Jones contends that because Count 2 does not allege that he

drove or was in actual physical control of a moving vehicle, it does not state a violation of OCGA § 40-6-391 (a) (4). Thus he asserts that a motion to arrest judgment would lie because he could admit that he did what he is accused of in this accusation without being guilty of an offense under our law because OCGA § 40-6-391 (a) (4) punishes those who have a blood alcohol level of .12 grams or more within three hours of having driven or being in actual physical control of a motor vehicle. Jones argues that he could admit to having driven or having been in actual physical control of a bicycle, or roller skates, or a wheel chair, etc., without committing a violation of OCGA § 40-6-391 (a) (4). Therefore, he could admit the charge and still be innocent. See *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38).

The validity of this argument generally lacks persuasiveness, because OCGA § 40-6-391 refers to *moving* vehicles, not *motor* vehicles, and a vehicle is defined as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." OCGA § 40-1-1 (75). Further, a motor vehicle is defined as "every vehicle which is self-propelled." OCGA § 40-1-1 (33). Moreover, the scope of the OCGA § 40-6-391 is not limited to highways, as defined in OCGA § 40-1-1 (19), but applies elsewhere throughout the state. OCGA § 40-6-3 (a) (3).

In any event, we find this accusation sufficient to defeat a motion in arrest of judgment. Although each count of an accusation must stand on its own when tested for legal sufficiency, one count of an accusation may incorporate another. *Staples v. State*, 199 Ga. App. 551, 552 (405 SE2d 551); *Lee v. State*, 81 Ga. App. 829, 831 (60 SE2d 177). Therefore, we find the reference to "such driving and being in actual physical control" is sufficient to incorporate into Count 2 the language of Count 1 that Jones did "drive and was in actual physical control of a moving vehicle." Although the manner in which the offense was averred falls short of serving a model of Code pleading, it was sufficient to charge the offense in plain terms and was sufficiently described to permit both Jones and the jury to understand the crime charged. *Staples v. State*, supra.

We note that this entire issue could have been avoided by the simple expediency of referring to the relevant Code section in the accusation. See *Hammock v. State*, 201 Ga. App. 614-615 (411 SE2d 743); *State v. Howell*, 194 Ga. App. 594 (391 SE2d 415). Nevertheless, since Jones has not alleged that he was unable to prepare his defense or that he was otherwise prejudiced, any error was harmless. *Wood v. State*, 190 Ga. App. 733 (380 SE2d 289). Therefore, denial of Jones' motion was not reversible error. *Staples v. State*, supra.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED DECEMBER 4, 1992

*Burkett & Schneider, William Schneider*, for appellant.
*Nancy N. Bills, Solicitor*, for appellee.