A95A2655, A95A2656. THE STATE v. D'AURIA; and vice versa.
(475 SE2d 678)

BLACKBURN, Judge.

The State filed an accusation against Dr. Ralph D'Auria charging him with sexual battery arising out of an incident he had with one of his patients. He was tried by a jury in the State Court of DeKalb County and found guilty as charged. The trial court ordered a new trial, however, on the basis that the State failed to notify the court and the defendant of criminal charges pending against one of its similar transaction witnesses, causing the court to unnecessarily

limit D'Auria's ability to effectively cross-examine the witness. The State did not appeal the trial court's grant of D'Auria's motion for a new trial. Prior to the new trial, the trial court granted D'Auria's plea in bar — double jeopardy based upon prosecutorial misconduct motion, but denied D'Auria's plea in bar — statute of limitation motion and D'Auria's demurrer based on the unconstitutionality of the statute motion.

In Case No. A95A2655, the State appeals the trial court's order granting D'Auria's plea in bar — double jeopardy based upon prosecutorial misconduct motion in which the trial court found that the State's behavior constituted prosecutorial misconduct warranting the double jeopardy bar. In Case No. A95A2656, D'Auria cross-appeals the trial court's denial of his plea in bar — statute of limitation motion and his demurrer based on the unconstitutionality of the statute motion.

### Case No. A95A2655

The State contends that the trial court applied the wrong standard in determining that the double jeopardy bar applied. Specifically, the State contends that pretermitting the issue of whether its behavior constituted prosecutorial misconduct, the double jeopardy bar does not apply because its behavior was not aimed at subverting the protections afforded by the Double Jeopardy Clause.

"The general rule is that retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency. [Cits.]" *Williams v. State*, 258 Ga. 305, 311 (369 SE2d 232) (1988). "[A]ctions of the prosecutor constituting even intentional prosecutorial misconduct do not raise the bar of double jeopardy, notwithstanding the fact that the defendant was thereby deprived of due process of law, unless the prosecutor's actions were intended to subvert the protections afforded by the Double Jeopardy Clause. [Cits.]" Id. at 312. Although intent is a question of fact for the trial court to resolve, in order for the double jeopardy bar to apply, the facts must warrant the conclusion that the State intended to secure an opportunity to retry the case. See *State v. Whitehead*, 184 Ga. App. 162, 163 (361 SE2d 41) (1987). The appellate standard of review of a grant of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion that the double jeopardy bar applied. See *Beck v. State*, 261 Ga. 826, 827 (412 SE2d 530) (1992).

The trial court granted D'Auria's plea in bar solely on the basis that the State engaged in intentional prosecutorial misconduct without addressing whether or not the State had *intended* to cause a

retrial and to subvert the defendant's protections under the Double Jeopardy Clause. As a result, this case must be remanded for a determination by the trial court consistent with this opinion.

### Case No. A95A2656

As one of his enumerations of error, D'Auria contends that the trial court erred in denying his demurrer alleging that OCGA § 16-6-22.1 is unconstitutionally vague. This Court is without jurisdiction to decide this issue. "Where the constitutionality of a statute is drawn into question, exclusive jurisdiction is in the Supreme Court and this court will transfer such matters for consideration by that Court. 1983 Const., Art. VI, Sec. VI, Par. II (1)." *Pruitt v. State*, 203 Ga. App. 125, 127 (416 SE2d 524) (1992).

Because of our lack of jurisdiction as to this issue, we previously attempted to avoid bifurcation of these cases by transferring them both to the Supreme Court. The Supreme Court, however, returned both cases on the basis that the constitutional challenge did not become ripe unless and until the State prevailed in Case No. A95A2655. Because Case No. A95A2655 was remanded, Case No. A95A2656 is not ripe for review and is hereby dismissed without prejudice to defendant's right to appeal upon the State's prevailing in Case No. A95A2655 pursuant to the order of the Supreme Court.

*Case No. A95A2655 is remanded. Case No. A95A2656 is dismissed. McMurray, P. J., and Andrews, J., concur.*

DECIDED AUGUST 28, 1996.

*Ralph T. Bowden, Jr., Solicitor, Debra M. Sullivan, Walter C. Howard, Assistant Solicitors*, for appellant.

*Glass, McCullough, Sherrill & Harrold, Robert E. Wilson, Bryan A. Downs, Deborah L. Britt*, for appellee.