A96A2140. WADE v. THE STATE.
(477 SE2d 328)

ELDRIDGE, Judge.

Appellant was charged by accusation with DUI. The case was called, issue was joined, and a jury was selected on April 9, 1996. During the trial, after the State rested its case, appellant made an oral motion to quash the accusation on the ground that it did not set forth a crime. The trial court denied the motion to quash, and appellant was found guilty of DUI.

The evidence at trial presented by Jefferson City Police Sergeant Dennis Thomas revealed that the appellant was operating a pickup truck on U. S. Highway 11 in Jackson County, Georgia, on February 27, 1995. The officer followed directly behind the appellant for approximately a quarter of a mile and observed that the vehicle crossed the yellow centerline three or four times. Sergeant Thomas initiated the blue lights, and the appellant pulled into a convenience store lot. The appellant exited from his vehicle and was able to produce his driver's license and proof of insurance. Sergeant Thomas testified that the appellant staggered and stumbled as he walked

from the truck. Sergeant Thomas detected an odor of alcoholic beverage coming from the appellant. When Sergeant Thomas asked the appellant if he had consumed alcoholic beverages, the appellant replied by asking the officer to give him a break. Sergeant Thomas testified that he gave the appellant an alcosensor field test, which appellant failed. Sergeant Thomas testified that he believed the appellant to be under the influence of alcohol at the scene of the arrest, and further testified that he believed the appellant to be a less safe driver due to the effect of his consumption of alcoholic beverages. The appellant testified that before driving his vehicle, he had consumed two beers.

Appellant alleges that "the trial court erred when it denied appellant's motion to quash the defective accusation when appellant can admit the accusation and still be innocent of the offense charged."

Appellant was charged by accusation with "the offense of misdemeanor, to-wit; D.U.I. [OCGA §] 40-6-391 for the accused did in Jackson County, Georgia, unlawfully and contrary to the laws of said State, the good order, peace and dignity thereof on February 27, 1995 operate a motor vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive." The language in the accusation contains virtually the same language as the DUI statute prior to 1974. Prior to 1974, the statute made it a criminal offense "for any person who is under the influence of intoxicating liquor to operate or drive any vehicle." Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 575, § 47; former Code Ann. § 68A-902. In 1974, the law changed to make it unlawful to "drive or be in actual physical control of any moving vehicle while under the influence of alcohol." Ga. L. 1974, pp. 633, 671-672, § 1. This language is embodied in the current DUI statute, OCGA § 40-6-391, which states: "[a] person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol to the extent that it is less safe for the person to drive." The appellant in this case argues that for the present accusation to have been sufficient it should have contained the words "drive or be in actual physical control of a moving vehicle."

"OCGA § 17-7-71 (c) provides that '(e)very accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct.' . . . 'The true test of the sufficiency of an indictment is not whether it could have been made more definite or certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offen(s)e, whether the record shows with accuracy to what extent he

may plead a former acquittal or conviction. As long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against another prosecution for the same offense, the indictment is sufficient.'" *Broski v. State*, 196 Ga. App. 116, 117 (395 SE2d 317) (1990). This Court further found in *Broski*, supra, that the absence of certain language in an accusation can be cured by citation to the statute, as was done in the case sub judice. Since in the case sub judice, the accusation does refer to OCGA § 40-6-391, no defect, technical or otherwise, was present in the accusation.

"Even if the absence of the descriptive language ['to drive or be in actual physical control of any moving vehicle'] renders the accusation not perfect, this court on appeal must apply a 'harmless error test' in order to determine if the error has prejudiced defendant and thus requires reversal of his conviction. When trial has been had before the appellate court reviews the merits of the motion to quash, where no prejudice to defendant has occurred though the indictment (or accusation or citation) is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice. Convictions are no longer reversed because of minor and technical deficiencies which do not prejudice the accused. Upon a proceeding after verdict, no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the indictment (or accusation or citation). Thus a defendant who was not misled to his prejudice by any imperfection in the indictment (or accusation or citation) cannot obtain reversal of his conviction on that ground." (Citations, punctuation, and emphasis omitted.) *Brooks v. State*, 207 Ga. App. 477, 478-479 (428 SE2d 357) (1993). This Court cannot discern any prejudice to the appellant in the case sub judice. Any error by the trial court in failing to try appellant upon a less than perfect accusation is manifestly harmless.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 2, 1996 —
RECONSIDERATION DENIED OCTOBER 16, 1996 — 

*James M. Mullis*, for appellant.
*Donald E. Moore, Solicitor,* for appellee.