## S98A2002. D'AURIA v. THE STATE.
(512 SE2d 266)

HUNSTEIN, Justice.

Ralph D'Auria was charged with the offense of sexual battery under OCGA § 16-6-22.1 in an accusation filed by the State in February 1993. The accusation was amended in May 1993 to reflect the victim's married name. In April 1995, D'Auria filed a plea in bar based on the statute of limitation, a plea in bar based on double jeopardy, and a demurrer based on the alleged unconstitutionality of OCGA § 16-6-22.1. After a complicated procedural history, D'Auria now appeals from the trial court's denial of his statute of limitation and constitutional challenges.

OCGA § 16-6-22.1 (b) provides: "A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent

of that person." "Intimate parts" are defined to include "the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." Id. at (a). In its May 1993 accusation, the State charged D'Auria with the offense of sexual battery "by making contact with the intimate body parts of [the victim] in violation of OCGA § 16-6-22.1."[1] D'Auria contends his prosecution is barred because the State failed to file a valid accusation within the applicable two-year statute of limitation. See OCGA §§ 17-3-1 (d); 16-6-22.1 (c). He argues, inter alia, that the May 1993 accusation is invalid because it failed to provide the specificity necessary to apprise him of what he is alleged to have done in violation of law. Based on the facts in this particular case, we agree.

1. An accusation will be held insufficient unless it contains the elements of the offense intended to be charged, sufficiently apprises the defendant of the crimes against which he must defend at trial, and is specific enough to protect the defendant against another prosecution for the same offense. *McCrary v. State*, 252 Ga. 521, 523 (314 SE2d 662) (1984); see *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977) (failure to charge necessary elements of crime voids the indictment). See generally OCGA § 17-7-71 (c) (accusation sufficient if it states offense in terms and language of law or so plainly that nature of offense charged may be easily understood by jury). In this case, D'Auria, a physician, was treating the victim for injuries she received in an automobile accident. At the time of the alleged crime, D'Auria was providing ongoing medical treatment to the victim who voluntarily submitted herself to at least minimal physical contact by her physician. However, the May 1993 accusation does not identify which body parts were allegedly touched without her consent or more specifically identify the manner in which the illegal touching allegedly occurred. The May 1993 accusation does nothing more than reference the statute alleged to have been violated and recite some, but not all, of the elements of the crime of sexual battery. Although recitation of the statute may, in certain cases, be a sufficient, though not desirable, method of apprising a defendant of the charges against him, see *Broski v. State*, 196 Ga. App. 116, 117 (1) (395 SE2d 317) (1990), recitation of portions of the statute is not sufficient if, reading the accusation together with the statute, a defendant is unable to determine which of his acts are alleged to be criminal in nature. See generally *England v. State*, 232 Ga. App. 842, 844 (2) (a) (502 SE2d 770) (1998) and *State v. Black*, 149 Ga. App. 389, 391 (4) (254 SE2d

---

[1] The accusation specifically alleged that on August 8, 1992 D'Auria "committed the offense of SEXUAL BATTERY by making contact with the intimate body parts of [the victim] in violation of OCGA § 16-6-22.1 contrary to the laws of this State, the good order, peace and dignity thereof."

506) (1979) (where crime may be committed in several ways, failure to charge manner in which crime was committed subjects accusation to special demurrer). Under the facts of this case, we find that mere recitation of portions of the statute was not sufficient to enable D'Auria to prepare for trial and respond to the charges against him. Accordingly, there being no valid accusation filed within two years from the time of the alleged crime, it was error for the trial court to deny D'Auria's plea in bar based on the statute of limitation.

2. We need not address D'Auria's constitutional challenge to OCGA § 16-6-22.1 based on our ruling in the first division.

*Judgment reversed. All the Justices concur, except Benham, C. J., Thompson and Hines, JJ., who dissent.*

BENHAM, Chief Justice, dissenting.

After persevering through four years of post-conviction pleadings — a granted motion for new trial, two Court of Appeals' decisions (*State v. D'Auria*, 222 Ga. App. 615 (475 SE2d 678) (1996); *State v. D'Auria*, 229 Ga. App. 34 (492 SE2d 918) (1997)), a failed interlocutory application, and the denial of three petitions for certiorari, appellant has finally achieved what he has repeatedly sought — a judicial termination of the State's prosecution of him for sexual battery, the charge a jury found him guilty of in 1993. "Based on the facts in this particular case," the majority opinion ensures that appellant will never be prosecuted for his 1992 actions. I respectfully disagree with both the rationale and the result of the majority's action.

The DeKalb County solicitor is attempting to retry appellant for sexual battery pursuant to the trial court's grant of a motion for new trial after the jury found appellant guilty in 1993. *State v. D'Auria*, 222 Ga. App. 615; *State v. D'Auria*, 229 Ga. App. 34. A person commits sexual battery when that person "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). The term "intimate parts" is statutorily defined as "the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." OCGA § 16-6-22.1 (a). The accusation on which appellant was successfully prosecuted in 1993 alleged that appellant, on August 8, 1992, had "committed the offense of SEXUAL BATTERY by making contact with the intimate body parts of [the victim] in violation of OCGA § 16-6-22.1 contrary to the laws of this State, the good order, peace and dignity thereof."[2] "Based on the facts of this

---

[2] Appellant was tried in 1994 on an accusation set forth in footnote 1 of the majority opinion which accusation was initially filed in February 1993, six months after the crime was alleged to have been committed, and amended before trial in May 1993 to reflect the vic-

particular case," the majority opinion reverses the trial court's denial of appellant's plea in bar in which he contended that the accusation on which he has once stood trial does not sufficiently apprise him of what he is alleged to have done. Specifically, the majority finds the accusation to be fatally flawed because it does not identify which of the statutorily-listed body parts was allegedly improperly touched by appellant, and does not "more specifically identify the manner in which the illegal touching allegedly occurred."

I respectfully suggest that the solicitor's accusation, while not the most perfect of documents, is sufficient enough to withstand the dire consequence of dismissal of the accusation. I also respectfully point out that, despite its statements to the contrary, the majority opinion is by no means limited to "the facts of this case." The majority opinion affects *every* indictment or accusation charging a defendant with sexual battery because the majority opinion holds that a sexual battery indictment or accusation is fatally flawed if it does not state with specificity the intimate part of the body allegedly touched improperly by the defendant, and further holds that that fatal flaw is not cured by reference in the charging document to the statute which defines the term "intimate parts."

In OCGA § 17-7-71 (c), the General Assembly mandated that "[e]very accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct." Whether an accusation is sufficient is not determined by whether it could have been made more definite or certain, but by a determination that it contains the elements of the offense intended to be charged, that it sufficiently apprises the defendant of what he must be prepared to meet, and permits the defendant to plead the judgment as a bar to any subsequent prosecution for the same offense. *Williams v. State*, 165 Ga. App. 69 (4) (299 SE2d 402) (1983). A simple test of the validity of an accusation is whether the accused can admit all the allegations of the accusation and be innocent of having committed an offense. *Brooks v. State*, 141 Ga. App. 725 (1) (234 SE2d 541) (1977).

---

tim's married name. The jury found appellant guilty of the crime charged. After the trial court granted appellant's motion for new trial in November 1994, the solicitor amended the accusation to allege that appellant had committed sexual battery on August 8, 1992 "by making physical contact with the intimate body parts of [the victim] without her consent, in violation of OCGA § 16-6-22.1, contrary to the laws of this State, the good order, peace and dignity thereof." If appellant were to face retrial, it would be on this accusation. However, because the amended accusation was filed beyond the two-year statute of limitation (OCGA § 17-3-1 (d)), its viability is dependent upon the viability of that which it amended, so long as the latter was filed within the period of limitation. *Freeman v. State*, 194 Ga. App. 905 (8) (392 SE2d 330) (1990). Therefore, the Court and the parties have appropriately focused attention on the content of the May 3 accusation.

In the case at bar, the accusation meets the statutory requirements of correctness since it states the terms of the offense plainly enough for a jury to understand easily. OCGA § 17-7-71 (c). Furthermore, the accusation sufficiently sets forth the elements of the crime as it specifically incorporated by reference the terms of OCGA § 16-6-22.1 by stating that appellant had made contact with the victim's intimate body parts "in violation of OCGA § 16-6-22.1." *State v. Howell*, 194 Ga. App. 594 (391 SE2d 415) (1990). See also *Wade v. State*, 223 Ga. App. 222, 224 (477 SE2d 328) (1996); *Broski v. State*, 196 Ga. App. 116 (1) (395 SE2d 317) (1990). The Court of Appeals has strongly suggested that an accusation is sufficient if it contains a reference to the applicable Code section. See *Jones v. State*, 206 Ga. App. 604 (426 SE2d 179) (1992), where the Court of Appeals noted that "this entire issue [of the sufficiency of an accusation] could have been avoided by the simple expediency of referring to the relevant Code section in the accusation." See also *Bowman v. State*, 227 Ga. App. 598 (1) (490 SE2d 163) (1997). Additionally, the accusation is valid since appellant cannot admit the allegations of the accusation and be deemed innocent of any crime. *Brooks*, supra. Compare *Manley v. State*, 187 Ga. App. 773 (2) (371 SE2d 438) (1988), where the defendant was accused of unlawfully hunting "wildlife" at night with the aid of lights and the statutory definition of "wildlife" did not encompass all wild animals, thereby enabling the accused to admit all which the accusation charged and still be innocent of having committed an offense.

The incorporation by reference of the statute into the accusation sufficiently articulated to appellant the "manner" of touching which the majority opinion finds lacking — appellant allegedly "touched" the victim by intentionally making physical contact with the intimate parts of the victim's body without her consent. Furthermore, the accusation is sufficient when it accuses appellant of improperly touching the victim's "intimate parts" since that term is statutorily defined to cover only a precise, limited number of body parts. Because "intimate parts" is not a generic term which encompasses "an unlimited variety" of body parts, it cannot be said that the accusation fails to apprise appellant of the offense charged. See *President v. State*, 83 Ga. App. 731 (64 SE2d 596) (1951), where the Court of Appeals held that use of the word "lottery" in an indictment was not sufficient because "lottery" was a generic term which encompassed an unlimited variety of games of chance.

The "facts of this case" in no way present a situation where a defendant faces trial without knowing for what he has to prepare. I respectfully dissent to the majority opinion which holds otherwise.

I am authorized to state that Justice Thompson and Justice Hines join this dissent.

DECIDED FEBRUARY 8, 1999.

*Wilson, Morton & Downs, Robert E. Wilson, Bryan A. Downs, Ellen S. Cheek,* for appellant.

*Ralph T. Bowden, Jr., Solicitor, Debra M. Sullivan, W. Cliff Howard, Thomas E. Csider, Gwendolyn R. Keyes, Assistant Solicitors,* for appellee.