## A09A0211. NEWSOME v. THE STATE.
### (675 SE2d 229)

ELLINGTON, Judge.

Pursuant to a granted interlocutory appeal, George Newsome challenges the order of the State Court of Gwinnett County denying his general and special demurrers to the accusation. The Gwinnett County Solicitor-General charged Newsome with two misdemeanors: criminal trespass and violating a family violence order. Newsome filed both general and special demurrers to the accusation, contending the charges as drafted were not legally sufficient. For the reasons that follow, we reverse the state court's order.

The accusation, in relevant part, charged Newsome in Count 1

> with the offense of CRIMINAL TRESPASS - DAMAGE/INTERFERE, for that said Accused, on or about August 10, 2007, in Gwinnett County, Georgia, did unlawfully damage and interfere with the property of [the victim], in violation of OCGA § 16-7-21 (a)[;]

and, in Count 2,

> with the offense of VIOLATION OF FAMILY VIOLENCE

ORDER, for that said Accused, on or about August 10, 2007, in Gwinnett County, Georgia, did unlawfully violate the provisions of a family violence order, in violation of OCGA § 16-5-95[.]

Newsome contends the state court erred in denying his general and special demurrers to these charges, as explained in more detail below. We review the court's order pursuant to the following law: "A general demurrer challenges the sufficiency of the *substance* of the indictment [or accusation], whereas a special demurrer challenges the sufficiency of the *form* of the indictment [or accusation]." (Citations and footnote omitted; emphasis supplied.) *Bramblett v. State*, 239 Ga. 336, 337 (1) (236 SE2d 580) (1977); see generally *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977). With respect to general demurrers:

> The test for determining the sufficiency of an indictment or accusation is not whether the [charging instrument] could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Thus, if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective.

(Citation and punctuation omitted.) *Phillips v. State*, 278 Ga. App. 198, 201-202 (2) (a) (628 SE2d 631) (2006). See also OCGA § 17-7-71 (c).[1] With respect to special demurrers, where an appellate court reviews an indictment on interlocutory appeal, before any trial, the court must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form as well as substance. *Dennard v. State*, 243 Ga. App. 868, 877 (2) (534 SE2d 182) (2000).

1. Newsome contends the court erred in denying his general demurrer to Count 2 of the accusation because it failed to sufficiently set out the substance of the essential elements of the offense. That is,

---

[1] "Every accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct."

the accusation failed to specify the terms of the order and the manner in which he violated those terms, as set forth in OCGA § 16-5-95 (a) (1) through (4). We agree.

OCGA § 16-5-95 (a) provides that

> [a] person commits the offense of violating a family violence order when the person knowingly and in a nonviolent manner violates the terms of a family violence temporary restraining order, temporary protective order, permanent restraining order, or permanent protective order issued against that person pursuant to Article 1 of Chapter 13 of Title 19, which:
>
> (1) Excludes, evicts, or excludes and evicts the person from a residence or household;
>
> (2) Directs the person to stay away from a residence, workplace, or school;
>
> (3) Restrains the person from approaching within a specified distance of another person; or
>
> (4) Restricts the person from having any contact, direct or indirect, by telephone, pager, facsimile, e-mail, or any other means of communication with another person, except as specified in the order.

Although Count 2 of the accusation informed Newsome that he was charged with violating a "family violence order" on a particular date, it did not set forth the terms of the order he violated or the manner in which he violated the order. Thus, the accusation did not state the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury. See OCGA § 17-7-71 (c). Moreover,

> [a]lthough recitation of the statute may, in certain cases, be a sufficient, though not desirable, method of apprising a defendant of the charges against him, recitation of portions of the statute is not sufficient if, reading the accusation together with the statute, a defendant is unable to determine which of his acts are alleged to be criminal in nature.

(Citations omitted.) *D'Auria v. State*, 270 Ga. 499, 500-501 (1) (512 SE2d 266) (1999). In this case, the accusation failed to state any specific acts that violated any specific terms of a family violence order. In fact, the accusation is circular in that it essentially charges Newsome with violating a statute by violating a family violence order in violation of the statute. Thus, the accusation, read in conjunction

with the statute, fails to set out the essential elements of the crime or to apprise Newsome of the charges against him. Consequently, the state court erred in denying Newsome's general demurrer to Count 2 of the accusation. See id.

2. Newsome also contends the court erred in denying his special demurrer to Count 1 of the accusation because the accusation failed to identify with particularity the property of the victim he was alleged to have interfered with and damaged. We agree. It is difficult, if not impossible, to prepare a defense to a criminal trespass charge, or to protect against double jeopardy on such a charge, if a defendant is not sufficiently apprised of the particular property he or she is alleged to have damaged or interfered with. Thus, "[w]here timely demand is made by special demurrer, the defendant is entitled to have such a definite and particular description of the property as will enable him to know the exact transaction in which the State claims he violated the law." (Citation and punctuation omitted.) *State v. Traylor*, 158 Ga. App. 786, 787 (282 SE2d 376) (1981) (larceny). See also *Morrow v. State*, 17 Ga. App. 116 (86 SE 280) (1915) (indictment subject to special demurrer when it failed to identify property owned by the victim that was the basis for the trespass charge). Because the accusation failed to describe the property of the victim that Newsome allegedly interfered with and damaged, the trial court erred in denying Newsome's special demurrer.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 5, 2009.

*Albert, Bailey & Wallace, Stephen B. Wallace II*, for appellant.
*Rosanna M. Szabo, Solicitor-General, Julie Bedore Potts, Karen M. Seeley, Assistant Solicitors-General*, for appellee.