A09A0461. THE STATE v. AUSTIN.
(677 SE2d 706)

JOHNSON, Presiding Judge.

The state brought a 12-count indictment against Gordon Trent Austin, charging him with multiple counts of simple battery, aggravated assault, and cruelty to children. Citing inadequacies in the indictment, Austin moved to quash the charging instrument and specially demurred to its allegations. The trial court granted Austin's motion as to the aggravated assault charge in Count 9. The state appeals, and we reverse.

"The purpose of an indictment is to enable the defendant to prepare his defense intelligently and to protect him from double jeopardy."[1] An indictment is technically correct and sufficient if it states the offense in the terms and language of the Code or in language so plain that jurors understand the nature of the charged offense.[2] Thus,

the true test of the sufficiency of an indictment to withstand

---

[13] (Citation and punctuation omitted.) *Ballard v. State*, 268 Ga. App. 55, 61 (5) (d) (601 SE2d 434) (2004).

[14] See OCGA § 16-13-31 (a) (1).

[15] *Ballard*, supra.

[1] *State v. Barnett*, 268 Ga. App. 900 (1) (602 SE2d 899) (2004).

[2] OCGA § 17-7-54 (a).

a special demurrer is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[3]

At issue in this appeal is Count 9 of Austin's indictment. That count alleges that on or about February 22, 2008, Austin, who apparently is an oral surgeon,

did make an assault upon the person of Corey Beasley, with a metal object, to wit: a dental elevator, which, when used offensively against a person, is likely to result in serious bodily harm by striking Corey Beasley on the head with said dental elevator, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof.

The trial court quashed Count 9 after concluding that the state failed to sufficiently allege intent. According to the trial court, this failure was fatal to the charge, rendering it legally insufficient. We disagree.

Count 9 follows the language of OCGA § 16-5-21 (a) (2), which provides that a person commits aggravated assault when he assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." By tracking the statute, the state presented a technically correct allegation.[4] Moreover, the offense defined by OCGA § 16-5-21 (a) (2) is a crime requiring general — rather than specific — intent.[5] And general intent need not be expressly alleged in an indictment.[6]

We further note that, even if some intent allegation were neces-

---

[3] (Citation and punctuation omitted.) *Barnett*, supra at 901 (1).

[4] See OCGA § 17-7-54 (a).

[5] See *Bishop v. State*, 266 Ga. App. 129, 131 (2) (596 SE2d 674) (2004). Compare OCGA § 16-5-21 (a) (1) ("A person commits the offense of aggravated assault when he or she assaults . . . *[w]ith intent* to murder, to rape, or to rob.") (emphasis supplied).

[6] *Adams v. State*, 293 Ga. App. 377, 381 (3) (667 SE2d 186) (2008) (when aggravated assault charge only requires proof of general criminal intent, an indictment is not void for failing to expressly allege such intent); *Bishop*, supra at 132 (2) ("Because the indictment charged Bishop with aggravated assault under OCGA § 16-5-21 (a) (2), which requires only a showing of a general intent to injure, it was not void for failing to expressly allege the criminal intent.").

sary, language in the indictment asserting that Austin acted "contrary to state law and its good order, peace and dignity makes clear that the act was committed unlawfully."[7] As we have held, an allegation that the defendant acted unlawfully is sufficient to encompass both the general intent to commit aggravated assault and the knowledge essential to form that intent.[8] Read as a whole, therefore, Count 9 implicitly alleges general intent and meets any pleading requirements.[9]

In addition to challenging the intent allegation, Austin complains that Count 9 deviates from the wording of OCGA § 16-5-21 (a) (2) by using the phrase "serious bodily harm," instead of "serious bodily injury." But an indictment that is *substantially* in the language of the Code is sufficient in form and substance."[10] The words "harm" and "injury" are commonly viewed as synonyms, and Black's Law Dictionary defines "bodily harm" by cross-referencing "bodily injury."[11] Simply put, Count 9 substantially tracks OCGA § 16-5-21 (a) (2), using language that makes the charged offense easily understood.[12]

Finally, Austin argues that because the aggravated assault charge involves one of his patients, the state was required to allege that he acted "outside of his professional relationship with" the patient. He also claims that the count does not sufficiently identify when and how the alleged crime occurred. According to Austin, without more specific information, "any doctor who performs surgery on patients[ ] is in danger of being criminally indicted."

To support this claim, Austin cites the Supreme Court's decision in *D'Auria v. State*.[13] The indictment in *D'Auria* alleged that a doctor committed sexual battery "by making contact with the intimate body parts" of one of his patients.[14] It did not identify the body parts at issue or the manner of the alleged contact. Noting that the doctor had been treating the patient — and thus touching her in presumably appropriate ways — for a period of time, the Court concluded that the indictment's vague allegations did not enable the doctor to

---

[7] *Hammock v. State*, 201 Ga. App. 614, 616 (1) (b) (411 SE2d 743) (1991).

[8] *Joiner v. State*, 204 Ga. App. 592, 593 (3) (420 SE2d 73) (1992). See also *Hammock*, supra at 615-616 (1) (b).

[9] *Hammock*, supra at 616 (1) (b). Compare *State v. Harris*, 292 Ga. App. 211, 212 (663 SE2d 830) (2008) (accusation void where the *specific* intent required by criminal statute could not be inferred from the accusation).

[10] (Punctuation omitted; emphasis in original.) *Hammock*, supra at 615 (1) (b).

[11] See Black's Law Dictionary, at 175 (6th ed. 1990).

[12] See OCGA § 17-7-54 (a); *Hammock*, supra.

[13] 270 Ga. 499 (512 SE2d 266) (1999).

[14] (Punctuation omitted.) Id. at 500.

prepare for trial or respond to the charge.[15] The *D'Auria* Court, therefore, found the indictment insufficient.[16]

The *D'Auria* decision does not control here. Unlike in *D'Auria*, Count 9 explicitly identifies the manner in which the aggravated assault allegedly occurred: by striking the patient in the head with a metal instrument on a particular date. Nothing in *D'Auria* undermines the sufficiency of this allegation or requires additional pleading simply because the case involves a doctor and patient. Rather, *D'Auria* reiterates the basic requirement that an indictment inform a defendant of the criminal acts he allegedly committed.[17]

Count 9 meets this requirement. It tracks OCGA § 16-5-21 (a) (2), contains the elements of aggravated assault, describes the alleged criminal act, apprises Austin of what he must defend against, and protects him from double jeopardy. It also uses language so plain that jurors will be able to understand the nature of the charge. The trial court, therefore, erred in quashing Count 9.[18]

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 13, 2009.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellant.
*Brian Steel*, for appellee.

---

[15] Id. at 500-501 (1).
[16] Id. at 501 (1).
[17] Id. at 500 (1).
[18] See *Adams*, supra at 381-382 (3); *Bishop*, supra at 131-132 (2). Compare *Smith v. Hardrick*, 266 Ga. 54, 55-56 (3) (464 SE2d 198) (1995) (indictment insufficient where general allegations failed to include elements of aggravated assault and were "so fundamentally flawed as to charge no crime at all").