## A09A1959. THE STATE v. BAIR.
(692 SE2d 806)

BARNES, Judge.

Contending the charges against Verna Bair were not time barred, the State appeals the trial court's order granting her plea in bar based upon the running of the statute of limitation. The State contends the statute of limitation did not expire because Bair was re-indicted within six months of the date on which the first indictment was quashed. Finding no error, we affirm the trial court.

When an appellate court reviews a trial court's decision on a plea in bar, we conduct a de novo review of the legal issues. *State v. Conzo*, 293 Ga. App. 72, 73 (666 SE2d 404) (2008). Further, we must accept the trial court's findings on disputed facts and witness credibility unless those findings are clearly erroneous. Id. The State has the burden of proving that the case is not barred by the statute of limitation. *State v. Tuzman*, 145 Ga. App. 481, 484 (3) (243 SE2d 675) (1978).

The record shows that Bair was first indicted for one count of theft by taking, on June 14, 2005, as follows:

THE GRAND JURORS, selected, chosen and sworn for the County of Fulton, . . . in the name and behalf of the citizens of Georgia, do charge and accuse VERNA ALTHIA BAIR with the offense of THEFT BY TAKING OCGA § 16-8-2, for the said accused, in the County of Fulton and State of Georgia, between the 1st day of August, 1999, and the 1st day of February, 2002, DID UNLAWFULLY TAKE U.S. CURRENCY OF A VALUE IN EXCESS OF $500.00, THE PROPERTY OF MASS MUTUAL INSURANCE COMPANY WITH THE INTENTION OF DEPRIVING SAID OWNER OF SAID PROPERTY; — contrary to the laws of said State, the good order, peace and dignity thereof.

Bair filed a motion to dismiss and a special demurrer. The trial court found that because Bair filed her demurrer before trial, she was entitled to an indictment which was perfect in form and substance, and that the indictment charged "*a* theft by taking between August 1, 1999, and February 1, 2002. The indictment was handed down on June 14, 2005. If the theft occurred between August 1, 1999 and July 13, 2001, the State is barred by the statute of limitations from pursuing it." (Emphasis supplied.) The trial court also found that because the indictment charged "a theft by taking but [did] not allege the way in which the theft is alleged to have occurred," the indictment was subject to a special demurrer. For those reasons, on December 20, 2007, the court granted Bair's demurrer and found the

184

motion to dismiss was moot.

The State did not appeal the trial court's decision, but instead, on June 10, 2008, indicted Bair for 31 counts of theft by taking. With only the dates and the check numbers different, the indictment alleged that

> THE GRAND JURORS, selected, chosen and sworn for the County of Fulton . . . in the name and behalf of the citizens of Georgia, do charge and accuse VERNA ALTHIA BAIR with the offense of THEFT BY TAKING OCGA § 16-8-2, for the said accused, in the County of Fulton and State of Georgia, on or about the [date], DID UNLAWFULLY TAKE PROPERTY OF MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY WITH THE INTENTION OF DEPRIVING SAID OWNER OF SAID PROPERTY by DEPOSITING AND NEGOTIATING WITHOUT AU-THORITY CHECK NO. [_____] MADE PAYABLE TO DOROTHY M. BAIR, DRAWN ON THE ACCOUNT OF MASSACHUSETTS MUTUAL LIFE INSURANCE COM-PANY, BY DEPOSITING AND NEGOTIATING SAID CHECK, SAID PERSON COMMITTING THE CRIME BEING UNKNOWN UNTIL MARCH 14, 2005, THE ACTS IN THIS COUNT BEING SEPARATE AND DISTINCT FROM ANY OTHER COUNT, contrary to the laws of said State, the good order, peace and dignity thereof.

After she was indicted again, Bair filed a demurrer and motion to dismiss and a plea in bar based upon the running of the statute of limitation. Her demurrer and motion to dismiss contended her actions were authorized in accordance with her duties as executrix under her mother's will and she did not knowingly take the property with criminal intent.

Bair's plea in bar asserted that her reindictment was barred by the expiration of the statute of limitation and Counts 1 through 24 are barred by collateral estoppel and res judicata because, in quash-ing the first indictment, the trial court ruled that "[i]f the theft occurred between August 1, 1999, and July 13, 2001, the State is barred by the statute of limitations from pursuing it." The trial court granted Bair's plea in bar.

Relying upon *Womack v. State*, 260 Ga. 21 (389 SE2d 240) (1990), the trial court found that the notices given to Massachusetts Mutual Insurance Company by Bair's relatives on January 29, 2002, November 2, 2002, and November 6, 2002, were sufficient to start the running of the statute of limitation. Thus, to be timely, a sufficient indictment must have been filed by November 6, 2006. The trial court further noted that Massachusetts Mutual's letter to the

Fraud Unit Enforcement Division of the Georgia Insurance and Safety Fire Commissioner's Office, shows that the company was aware of Bair's "potential culpabilities." Thus, even using that late date, the trial court found that a proper indictment must have been filed no later than September 25, 2007. Consequently, the trial court found that

> [a]lthough the State filed its original indictment regarding the thefts on June 14, 2005, (See Indictment #05SC31615), Defendant showed that said indictment was properly quashed for failing to apprise Defendant of the manner by which the thefts were alleged to have occurred. . . . Therefore, the original indictment failed to toll the statute of limitations. Assuming the latest of the above dates, for the benefit of the State, any indictment charging Defendant with the alleged thefts must have been filed by September 25, 2007. Thus, as those earlier thefts are now the subject of the present indictment, the subsequent re-indictment, which was filed on June 10, 2008, is barred by the statute of limitations. *D'Auria* [*v. State*, 270 Ga. 499 (512 SE2d 266) (1999)].

The State argues that the applicable statute of limitation had not expired when it filed its second indictment, relying on OCGA § 17-3-3, which provides: "If an indictment is found within the time provided for in Code Section 17-3-1 or 17-3-2, or other applicable statute, and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered."

The period of limitation for theft by taking is four years. OCGA § 17-3-1 (c). The State contends it was entitled to re-indict Bair for these charges because the first indictment was not fatally defective, and the trial court did not find that it was fatally defective. Instead, the State asserts that the court, in effect, merely granted a special demurrer.

The general rule is that the State must commence prosecutions for theft by taking within four years of the commission of the crimes. The four-year limitation period does not include any period in which the crimes were unknown by the State, but the knowledge of someone injured by the crime may be imputed to the State for purposes of determining if the exception to the statute applies. When the State seeks to rely on an exception to the statute, it must allege the exception in the indictment. *Rader v. State*, 300 Ga. App. 411, 413 (1) (a) (685 SE2d 405) (2009).

The State's argument ignores important facts. First, the initial

indictment alleged only one crime, i.e., that sometime between August 1, 1999, and February 1, 2002, Bair unlawfully took United States currency of a value in excess of $500, the property of Massachusetts Mutual Insurance Company, with the intention of depriving it of the money. Further, the State did not allege in the indictment that the statute of limitation was tolled for any reason. See *State v. Barker*, 277 Ga. App. 84, 87 (3) (625 SE2d 500) (2005) (if it appears on face of indictment that statute of limitation has run, indictment is fatally defective and subject to demurrer, unless it alleges exception removing bar of statute). Therefore, for any crimes committed before July 13, 2001, the first indictment was fatally defective regardless of our disposition of the other charges in the second indictment, and the trial court properly granted Bair's plea in bar to those charges.

> The test for determining the sufficiency of an indictment or accusation is not whether the (charging instrument) could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what [she] must be prepared to meet, and in case any other proceedings are taken against [her] for a similar offense, whether the record shows with accuracy to what extent [she] may plead a former acquittal or conviction. Thus, if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective. [Cit.]

*Newsome v. State*, 296 Ga. App. 490, 491 (675 SE2d 229) (2009).
In *D'Auria v. State*, supra, 270 Ga. at 500-501 (1), our Supreme Court again held that an indictment is insufficient unless it contains the elements of the offense intended to be charged, sufficiently apprises the defendant of the crimes against which she must defend at trial, and is specific enough to protect her against another prosecution for the same offense.

> Although recitation of the statute may, in certain cases, be a sufficient, though not desirable, method of apprising a defendant of the charges against him, recitation of portions of the statute is not sufficient if, reading the accusation together with the statute, a defendant is unable to determine which of his acts are alleged to be criminal in nature.

(Citations omitted.) Id.

Because of the second indictment, we now know that, without question, the first indictment did not inform Bair of all the charges she must defend against at trial and was not specific enough to protect her from multiple prosecutions. The indictment apparently was intended to include thirty-one separate acts and to allege all events that occurred on thirty-one different dates, not one crime on one date. Moreover, the indictment did not inform Bair of the manner in which she was alleged to have committed the crimes. As in *D'Auria,* we find that the first indictment was not sufficient to enable Bair to prepare for trial and respond to the charges against her, or to protect her against multiple prosecutions.

The State cannot allege a single defective charge of theft by taking that may have been barred by the statute of limitation, and upon its dismissal, inflate that single, defective one-count indictment to one alleging thirty-one counts. Therefore, no valid indictment was filed within four years of the date the alleged victim learned of Bair's actions, and the trial court did not err by granting Bair's plea in bar based on the statute of limitation. See *Newsome v. State,* supra, 296 Ga. App. at 492-493 (1). Moreover, this second indictment would impermissibly broaden and substantially amend the first indictment. See *Wooten v. State,* 240 Ga. App. 725, 726 (2) (a) (524 SE2d 776) (1999).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 26, 2010.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney,* for appellant.

*Larsen & Teusink, Todd A. Larsen, Larry D. Wolfe, Robert A. Susor,* for appellee.