A10A0686. THE STATE v. MARSHALL.
(698 SE2d 337)

BERNES, Judge.

Dejuan Marshall was indicted on one count of criminal attempt to entice a child for indecent purposes. He filed a general and specific demurrer to the indictment, arguing that it was not definite enough to put him on notice of the acts against which he was to defend. The trial court granted Marshall's specific demurrer. The state appeals, arguing that the trial court erred in concluding that the indictment failed to allege the crime charged with sufficient specificity. For the following reasons, we reverse.

We conduct a de novo review of a trial court's ruling on a special demurrer in order to determine whether the allegations in the indictment are legally sufficient. *State v. Pittman*, 302 Ga. App. 531 (690 SE2d 661) (2010). The indictment alleged that Marshall

> did attempt to commit the crime of enticing a child for indecent purposes (OCGA § 16-6-5), in that said accused did knowingly and intentionally perform an act which constituted a substantial step toward the commission of said crime, to wit: said accused did drive up to [the victim], a child less than 16 years of age, and did attempt to entice said child into his vehicle for the purpose of indecent acts[,] contrary to the laws of said State, the good order, peace and dignity thereof[.][1]

---

[1] Based upon the state's recitation of the facts, the evidence would have shown that on the day in question, a law enforcement officer observed Marshall stop his vehicle in order to engage in conversation with a young woman walking on the sidewalk. The officer recognized the young woman to be a 12-year old student at the school in which he worked. The student informed the officer that Marshall had asked her where she was going (to school) and offered to give her a ride. When she responded that she did not know him and declined, Marshall asked if he could "get to know [her] better," tried to convince her to get into the car, and "looked her body up and down" during the entire conversation.

See OCGA §§ 16-4-1,[2] 16-6-5 (a).[3] The trial court granted Marshall's special demurrer on the ground that the indictment failed to inform Marshall of the "indecent acts" that the state expected to prove, thus depriving him of sufficient information upon which to base his defense.

"The purpose of an indictment is to enable the defendant to prepare his defense intelligently and to protect him from double jeopardy." (Footnote omitted.) *State v. Barnett*, 268 Ga. App. 900 (1) (602 SE2d 899) (2004). A special demurrer is an attack upon the form, as opposed to the substance, of an indictment. See *Dennard v. State*, 243 Ga. App. 868, 870 (534 SE2d 182) (2000). Thus,

> the true test of the sufficiency of an indictment to withstand a special demurrer is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Punctuation and footnote omitted.) *Barnett*, 268 Ga. App. at 901 (1). See *State v. Austin*, 297 Ga. App. 478, 478-479 (677 SE2d 706) (2009); *Dennard*, 243 Ga. App. at 870.

The indictment at issue here was sufficient to survive Marshall's special demurrer because it contained the elements of the crime, informed Marshall of the charges against him, and was specific enough to protect him from double jeopardy. The crime of enticing a child for indecent purposes "requires the showing of a joint operation of the act of enticing a child and the intention to commit acts of indecency[.]" *Lasseter v. State*, 197 Ga. App. 498 (1) (399 SE2d 85) (1990). See OCGA § 16-6-5 (a). Because Marshall was charged with criminal attempt, the state was required to allege that, with an intent to commit the underlying crime, he performed some overt act toward its commission. See OCGA § 16-4-1; *Wittschen v. State*, 259 Ga. 448 (1) (383 SE2d 885) (1989). See also *Groves v. State*, 116 Ga. 516, 516-517 (42 SE 755) (1902).

---

[2] OCGA § 16-4-1 provides that "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."

[3] OCGA § 16-6-5 (a) provides that "[a] person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts."

Despite Marshall's position that the allegation that he attempted to entice the child victim for the purpose of committing "indecent acts" failed to adequately inform him of his intent as alleged by the state, when read in context, the indictment leaves no doubt that the state sufficiently charged his criminal intent. The appellate courts of this state have previously held that the words "indecent acts" in the context of OCGA § 16-6-5 (a) are not so vague and undefined as to prevent a person from recognizing the conduct they forbid. *Howell v. State*, 172 Ga. App. 805, 806 (2) (324 SE2d 754) (1984) ("We find that persons of common intelligence would not differ as to application of the statute in regard to the meaning of 'indecent acts' committed on a child."). See *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982). The language in the challenged indictment tracks the legislative language used in and cites directly to OCGA § 16-6-5 (a). See generally *Smith v. State*, 178 Ga. App. 300 (1) (342 SE2d 769) (1986) ("An indictment which charges the offense defined by a legislative act, in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged is sufficiently specific.") (citation and punctuation omitted). And, the crime charged in and of itself alerted Marshall to the fact that he was being accused of acting with the intent of engaging in illicit sexual conduct with a minor: Chapter 6 of Title 16 of the Official Code of Georgia Annotated is entitled, "Sexual Offenses," and OCGA § 16-6-5 (a) proscribes the "solicitation of a minor to engage in sexual conduct or conduct which, by its nature, is a sexual offense against a minor." (Citation and punctuation omitted.) *Spivey v. State*, 274 Ga. App. 834, 837 (2) (a) (619 SE2d 346) (2005). See also *State v. Vines*, 226 Ga. App. 779, 780 (487 SE2d 521) (1997) (noting that OCGA § 16-6-5, among other statutes located in Chapter 6, "were enacted as part of a general legislative scheme to protect children under the age of 16 from physical and psychological damage resulting from sexual exploitation"), rev'd on other grounds, *Vines v. State*, 269 Ga. 438 (499 SE2d 630) (1998). Cf. *Hammock v. State*, 201 Ga. App. 614, 616 (1) (b) (411 SE2d 743) (1991) (in the context of child molestation, "the word ["indecent"] would alert a defendant that he or she was being charged with committing an unlawful act with a lustful intent against a child"); *Chapman v. State*, 170 Ga. App. 779, 780 (1) (318 SE2d 213) (1984) (in the context of child molestation, defining "immoral or indecent acts" as "acts which offend against the public's sense of propriety as well as to afford protection to a child's body in those cases where the act or acts are more suggestive of sexually oriented misconduct than simply assaultive in nature").

Significantly, because Marshall was indicted with criminal attempt to commit the crime of enticing a child for indecent purposes,

by definition, he fell short of the crime's commission. See *Wittschen*, 259 Ga. at 448 (1). Thus, any evidence of his criminal intent is necessarily implicit. Compare *Peavy v. State*, 159 Ga. App. 280, 281-282 (1) (a) (283 SE2d 346) (1981). And, since Marshall did not know the child victim, there was no prior history from which to glean additional evidence of his specific desires. But the indictment has nonetheless sufficiently placed Marshall on notice that the state contends that he performed an act which constituted a substantial step toward enticing the child victim into his vehicle with the intent of engaging in indecent acts, e.g., illegal conduct of a sexual nature, with the minor victim. See *Snider v. State*, 238 Ga. App. 55, 59 (2) (516 SE2d 569) (1999) ("It has been broadly held that an indictment may charge lewd and lascivious conduct in general statutory terms without particularizing details which would be offensive to decency.") (citation and punctuation omitted); *Cragg v. State*, 117 Ga. App. 133, 134-135 (159 SE2d 717) (1968) (same). Compare *D'Auria v. State*, 270 Ga. 499, 500-501 (1) (512 SE2d 266) (1999). Whether Marshall will ultimately be deemed to have acted with the requisite criminal intent will be an issue for jury resolution. See generally *Stroeining v. State*, 226 Ga. App. 410, 412 (1) (486 SE2d 670) (1997).

*Judgment reversed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 7, 2010.

*Paul L. Howard, Jr., District Attorney, Charles P. Boring, Assistant District Attorney*, for appellant.

*Morris P. Fair, Jr.*, for appellee.