S11A0414. JONES v. THE STATE.
(709 SE2d 773)

BENHAM, Justice.

In a bifurcated trial, appellant Michael Bernard Jones was convicted of the felony murder of Curtis Tony Howard (with aggravated assault as the predicate felony), possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.[1] On appeal, Jones contends he was deprived of his constitutional right to effective assistance of counsel.

---

[1] The victim was killed on August 24, 2006 in Burke County, and his body was discovered several days later in the backyard of a vacant mobile home in nearby Richmond County. Appellant was arrested on August 29 by a trooper with the Texas Highway Patrol and was returned to Georgia. On October 25, 2007, the grand jurors of Burke County returned a true bill of indictment charging appellant and three others with malice murder and felony murder (aggravated assault) in connection with the death of Curtis Howard, as well as possession of a firearm during the commission of a crime. Each co-indictee was also charged with being a felon in possession of a firearm. Appellant's trial took place May 5-8, 2008, and resulted in the jury acquitting him of malice murder and convicting him of the remaining charges. Appellant was sentenced on May 8 to life imprisonment for the felony murder and to a term of five years for each of the firearm convictions, to be served consecutively. Appellant's motion for new trial, timely filed May 20, 2008, was amended on May 7, 2010, was the subject of a hearing held on May 18, 2010, and was denied by an order filed July 12, 2010. A timely notice of appeal filed on July 29, 2010, caused the appeal to be docketed to the January 2011 term of Court, where

1. The State presented evidence that two men discovered the victim's body in the bed of his pickup truck which was parked behind a vacant Richmond County mobile home. The medical examiner testified the victim had died as a result of gunshot wounds to his chest and abdomen that were consistent with having been inflicted by a rifle. Appellant was arrested in Texas several days later while a passenger in a car that was stopped for speeding by a Texas Highway Patrol officer, who discovered there was an outstanding warrant from Georgia for appellant's arrest. The man who was driving the car in which appellant was a passenger when he was arrested testified that appellant had told him two days before the victim was killed that appellant was going to participate with others in the robbery "out in the country" of a man coming to Waynesboro with drugs. After the victim was killed, appellant told the witness that he and three others had "done the job" and he had received $250 of the $600-$700 taken from the victim.

Two of the three men indicted with appellant pled guilty to lesser charges and testified against appellant. Each of the testifying co-indictees stated he had purchased kilograms of cocaine from the victim, who did not live in the area, and that the victim had called each of them earlier in the week to say he was coming to town later in the week. One co-indictee testified he and the victim drove to the other testifying co-indictee's Burke County home in the victim's pickup truck. As they approached the house, the passenger co-indictee telephoned the co-indictee who owned the home and told him of their impending arrival. When they drove behind the house, appellant and the third co-indictee, both armed with "long guns," approached the pickup truck — appellant on the driver's side and the third indictee on the passenger side — and ordered the occupants to get out of the truck and lie face-down on the ground. The passenger co-indictee testified his shirt was pulled up over his head, obscuring his vision, but he heard the armed men repeatedly ask the victim for the location of the drugs. After the victim said the drugs were at the motel where he was staying and begged for his life, two shots were fired, both of which struck the victim. The co-indictee who owned the house then came out of his house and rolled the victim over onto his back and, upon discovering the victim was dead, slapped appellant. Appellant and the three co-indictees placed the victim's body in the bed of the victim's pickup truck, and appellant drove the victim's truck to the vacant mobile home in Richmond County and parked the truck in the backyard. The two co-indictees who testified followed appellant in a truck owned by one of them and picked up

it was submitted for decision on the briefs.

appellant at the vacant mobile home. One co-indictee testified that, on the way back to Waynesboro, appellant asked the driver to go by a dumpster where he disposed of a black plastic bag. The other co-indictee testified that appellant had a bag that looked as if it had a gun in it when they picked him up at the mobile home, and appellant left the bag at his home.

The evidence summarized above was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant killed the victim while committing an aggravated assault and while in possession of a firearm. After the State presented proof in the second part of the bifurcated proceeding that appellant had been convicted seven years earlier of felony shoplifting, the evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of being a convicted felon in possession of a firearm. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Martin v. State*, 281 Ga. 778 (1) (642 SE2d 837) (2007) (bifurcated proceeding in which defendant was found guilty of possession of a firearm by a convicted felon).

2. Appellant contends he was not afforded his constitutional right to effective assistance of counsel at trial.

In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that counsel performed deficiently and that the deficient performance prejudiced the defendant such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

*Coleman v. State*, 286 Ga. 291 (6) (687 SE2d 427) (2009). If appellant fails to meet his burden of proving either prong of the test, the reviewing court need not examine whether the burden of proving the other prong has been met. *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004).

Appellant cites four instances in which he contends trial counsel did not provide effective assistance of counsel: counsel's failure to contest the validity of the arrest warrant that resulted in appellant's arrest in Texas; counsel's failure to contest the trial judge's authority to preside over appellant's trial; counsel's failure to appear at arraignment; and counsel's failure to ask the trial court to remove a juror who spoke with a witness outside the courtroom after the witness testified.

(a) Appellant sees deficient performance in counsel's failure to question the sufficiency of the affidavit executed in support of a law enforcement officer's application for the arrest warrant issued for appellant. Appellant posits that the affidavit did not contain material

from which the magistrate could make a finding of probable cause and, had the arrest warrant been ruled illegal, would have prevented the introduction at trial of the testimony of the State's witnesses and the forensic evidence presented against appellant. Trial counsel testified at the hearing on the motion for new trial that he had not challenged the affidavit since appellant was afforded a preliminary hearing at which the probable cause to hold appellant for trial was assessed and found to be present. The affidavit in support of the arrest warrant is not in the appellate record. Compare *Jones v. State*, 287 Ga. 770 (7) (700 SE2d 350) (2010); *Murray v. State*, 307 Ga. App. 621 (2) (705 SE2d 726) (2011); *Ware v. State*, 258 Ga. App. 706 (3) (574 SE2d 898) (2002). The absence of evidence from which a finding of trial counsel's deficient performance could be made, coupled with appellant's mere speculation concerning the prejudice purportedly wrought by the unproven deficient performance, leads us to conclude the trial court did not err when it determined that appellant did not carry his burden of proving ineffective assistance of counsel with regard to this claim. See *Lanier v. State*, 288 Ga. 109 (3) (a) (702 SE2d 141) (2010) (unfounded speculation will not support a finding of deficient performance); *Whitus v. State*, 287 Ga. 801 (2) (700 SE2d 377) (2010) ("Speculation is insufficient to satisfy the prejudice prong of *Strickland* [*v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)].").

(b) Appellant next argues that trial counsel performed deficiently when he did not challenge the trial court's jurisdiction, i.e., the authority of Judge Michael Annis to preside over appellant's trial in the absence of an order transferring appellant's case to Judge Annis from Judge Neal Dickert, to whom appellant asserts the case was originally assigned.[2] Appellant asserts he suffered prejudice as a result of counsel's purported deficient performance because the issue was not preserved for appellate review. However, the prejudice that must be established for ineffective assistance of counsel is that there is a reasonable probability that the outcome of appellant's trial would have been different but for counsel's failure to question the jurisdiction of the trial court. It is without question that the Superior Court of Burke County had exclusive jurisdiction over appellant, who was an adult charged with committing a felony in Burke County. Ga. Const. 1983, Art. VI, Sec. IV, Par. I. Appellant was tried in the Superior Court of Burke County and, in the absence of evidence that Judge Annis was not a member of the Superior Court of Burke

---

[2] "JUDGE DICKERT" is stamped on the cover page of the indictment returned against appellant and his co-indictees. The record does not reflect whether such a stamped entry indicates the jurist to whom the case is assigned pursuant to the local method of case assignment. See Rule 3, Uniform Superior Court Rules.

County, in the absence of evidence that a substitution of one judge for another in fact occurred and in the absence of evidence of the reason for the purported substitution, appellant has shown no harm resulting to him from Judge Annis presiding over his trial. See *Cooper v. State*, 281 Ga. 760 (3) (642 SE2d 817) (2007). Consequently, trial counsel's failure to object to Judge Annis's role in this case does not constitute ineffective assistance.

(c) Appellant maintains that trial counsel's failure to appear at appellant's arraignment constituted ineffective assistance of counsel because appellant lost the opportunity to demur to an indictment that purportedly was vague and ambiguous since it did not set out in each count the role each co-indictee played, thereby depriving appellant of a perfect indictment and of information sufficient to put him on notice to allow for an effective defense. Trial counsel testified at the hearing on the motion for new trial that appellant was "very involved" in his defense, implying that appellant was well aware of the charges he faced. Trial counsel further testified he believed there was no basis for filing a demurrer.[3]

A defendant is entitled to be tried on a perfect indictment and may file a special demurrer seeking greater specificity or additional information concerning the charges contained in the indictment. *Wallace v. State*, 253 Ga. App. 220 (3) (558 SE2d 773) (2002). A defendant who does not file a timely special demurrer waives the right to be tried on a perfect indictment. *Dasher v. State*, 285 Ga. 308 (2) (676 SE2d 181) (2009); OCGA § 17-7-110 (timing of pre-trial motions).

> The true test of the sufficiency of an indictment to withstand a special demurrer "is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former

---

[3] The indictment charged the four co-indictees "with the offense of **MURDER (§ 16-5-1 (c))** for that said accused, in the County of Burke and State of Georgia, on the 24th day of August, did while in the commission of the felony of Aggravated Assault, cause the death of Curtis Tony Howard, a human being, by shooting him ... [,]" and "with the offense of **POSSESSION OF FIREARM DURING COMMISSION OF CRIME (§ 16-11-106)** for that the said accused, in the County of Burke and State of Georgia, on the 24th day of August, 2006, did have on their and within arms reach of their person a firearm, to-wit: an unknown type rifle, during the commission of a crime, to-wit: murder, said crime involving the person of Curtis Tony Howard, and which crime was a felony. . . ."

acquittal or conviction. It is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy." [Cit.] The law is "well-settled" in Georgia "that the State is not required to specify in the indictment that it is charging the defendant as a party to the crime." [Cit.]

*Metz v. State*, 284 Ga. 614 (3) (669 SE2d 121) (2008). See also *Dunn v. State*, 263 Ga. 343 (2) (434 SE2d 60) (1993) ("Due process is satisfied where the indictment puts the defendant on notice of the crimes with which he is charged and against which he must defend."). It is not the purpose of an indictment to set forth the role each co-indictee played in the commission of the crime. Since the charges in the indictment contained the elements of the offenses intended to be charged and sufficiently apprised appellant of what he had to be prepared to meet, thereby allowing him to prepare a defense and safeguarding him against double jeopardy, a timely-filed special demurrer would have been denied. *Metz v. State*, supra, 284 Ga. 614 (3). If trial counsel's failure to appear at arraignment was the reason why a special demurrer was not filed, appellant suffered no harm from the failure to appear.

(d) Lastly, appellant contends trial counsel was ineffective when he failed to move for the removal from the jury of a juror who spoke with a witness after court had been adjourned on the day the witness testified for the State during appellant's trial. Both the witness and the juror, while under oath and outside the presence of each other, informed the trial court, the prosecutor, and defense counsel of the content of their conversation that was initiated by the juror and lasted about one minute.[4] At the conclusion of the impromptu hearing at which appellant was present, the trial court, prosecutor, and defense counsel agreed that the juror and witness had not discussed the case during their conversation and all expressed satisfaction that the brief encounter between the juror and the witness would not affect the juror's evaluation of the case. The juror was allowed to remain on the jury. Trial counsel was not asked about this incident during the hearing on the motion for new trial.

A defendant is entitled to trial by a jury untainted by improper influence, and communication between a juror and a witness while a trial is on-going is improper. *Clark v. State*, 153 Ga. App. 829 (1) (266 SE2d 577) (1980).

---

[4] Having heard the witness testify to the name of his stepfather with whom he lived, the juror became aware that the witness's stepfather was her child's great-grandfather who had recently undergone heart surgery, and she asked the witness about his health.

When irregular juror conduct is shown, there is a presumption of prejudice to the defendant, and the prosecution carries the burden of establishing beyond a reasonable doubt that no harm occurred. . . . "[W]here the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant."

*Holcomb v. State*, 268 Ga. 100 (2) (485 SE2d 192) (1997). Inasmuch as the hearing established the uncontradicted substance of the conversation and that it was not an attempt to discuss the merits of the case or influence the juror, appellant was not harmed by the improper communication and trial counsel did not perform deficiently in failing to seek the juror's removal. The trial court did not err when it determined appellant had not established ineffective assistance of counsel. See *Peterson v. State*, 284 Ga. 275, 278 (663 SE2d 164) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 18, 2011.

*Jason R. Hasty*, for appellant.

*Ashley Wright, District Attorney, Adam W. King, Charles R. Sheppard, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.