## S11A1946. COLLINS v. THE STATE.
(722 SE2d 719)

NAHMIAS, Justice.

Appellant Kenyatti Collins appeals his conviction for the murder of Alton Durden. We affirm.[1]

1. The evidence at trial, viewed in the light most favorable to the verdict, showed the following. Around the end of July 2007, Jessica Calloway saw Appellant, her ex-boyfriend, walking down the street with Durden, who was her friend and Appellant's co-worker. A few days later, Appellant came to Calloway's residence. His clothes were torn, he had scratches all over his hands, and he told Calloway that he had been in a fight with the victim.

On August 20, 2007, the victim's decaying body was found face down in his bedroom. The victim had several lacerations on the right side of his head; Appellant is left-handed. Blood stain analysis indicated that the victim had been beaten or stabbed as he was standing up from or sitting down on a sofa in his bedroom. The medical examiner concluded that the cause of death was blunt force trauma to the head and the time of death was two to three weeks prior to the discovery of the body.

There were no signs of forced entry at the victim's home. A thumb print lifted from the exterior doorknob of the back door was matched to Appellant, and his DNA was found on a cigarette butt in the room where the body was found. Law enforcement later retrieved a pair of shorts with a small blood stain on them from a bag Appellant had left at a family friend's house. The State Crime Lab tested the blood stain and found both Appellant's and the victim's DNA. In statements to law enforcement, Appellant denied any involvement in the victim's death, claiming that the last time he had been to the victim's house was in late July 2007.

When viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (" 'It was for

---

[1] The victim's body was discovered on August 20, 2007; the victim was killed two to three weeks earlier. On December 12, 2007, Appellant was indicted in Baldwin County for malice murder and felony murder. Appellant's first trial ended with a hung jury in April 2009. His second trial was on August 17-20, 2009. The jury acquitted Appellant of malice murder but convicted him of felony murder, and the trial court sentenced him to life in prison. On September 15, 2009, Appellant filed a motion for new trial, which he amended on September 8, 2010. After a hearing, the trial court denied the motion on June 17, 2011. Appellant timely appealed, and the case was docketed in this Court for the September 2011 term and submitted for decision on the briefs.

the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " (citation omitted)).

2. Appellant contends that the trial court abused its discretion in finding that the State adequately established the chain of custody for the victim's blood sample that was later matched to the blood on Appellant's shorts. " 'When blood samples are handled in a routine manner and nothing in the record raises a suspicion that the blood sought to be admitted is not the blood tested, the blood is admissible and "the circumstances of each case need only establish reasonable assurance of the identity of the sample." ' " *Johnson v. State,* 271 Ga. 375, 382 (519 SE2d 221) (1999) (citations omitted). The medical examiner at the State Crime Lab's office in Dry Branch who took the blood sample from the victim's body and packaged it testified to the procedure she followed, and the forensic biologist who extracted the victim's DNA from the blood sample at the State Crime Lab's headquarters in Decatur testified that when she received the package, it was appropriately marked and had no signs of tampering. Appellant presented no evidence that the blood sample had been tampered with or substituted.

Appellant's claim is that testimony from the investigator who transported the packaged blood sample from the State Crime Lab's Dry Branch office to its Decatur headquarters was necessary for admission of the DNA evidence and the related testimony. However, "[t]he fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible." *Palmer v. State,* 250 Ga. 219, 222 (297 SE2d 22) (1982). Moreover, "[t]he state is not required to foreclose every possibility of tampering." *Schlanger v. State,* 290 Ga. App. 407, 409 (659 SE2d 823) (2008). Through the testimony of the medical examiner and the forensic biologist, "the State demonstrated with reasonable certainty that the substance tested was the same as that obtained. It follows that the trial court did not abuse its discretion in determining that the State laid the proper foundation . . . ." *Herrera v. State,* 288 Ga. 231, 233-234 (702 SE2d 854) (2010) (citation omitted).

3. Appellant claims that the trial court erred in failing to dismiss a juror for inappropriate contact with a member of the victim's family. We disagree.

A defendant is entitled to trial by a jury untainted by improper influence, and communication between a juror and the victim's family during trial is improper. See *Jones v. State,* 289 Ga. 111, 116 (709 SE2d 773) (2011). Improper communication with a juror raises a presumption of prejudice to the defendant, which the State must rebut beyond a reasonable doubt. See *Sims v. State,* 266 Ga. 417, 419

(467 SE2d 574) (1996). However, we have recognized that some improper communications are "inconsequential." *State v. Clements*, 289 Ga. 640, 643 (715 SE2d 59) (2011). To upset a jury verdict, the improper communication must have been "so prejudicial that the verdict is deemed inherently lacking in due process." Id.

In this case, as the jury was leaving the courtroom at the end of the second day of trial, Appellant's lead counsel saw a spectator say something to a juror. The victim's advocate, Lisa Cantrell, told the court that the spectator was the victim's mother's cousin, and Cantrell said that she heard the woman speak to the juror but did not hear what was said. The court asked the woman to come forward, and after she was placed under oath, she identified herself as Annette Justice and confirmed that she was the victim's cousin. Justice testified that she said to the juror, "Tell Jennifer I'm still looking for a job," and the juror did not respond. Justice assured the court that she did not say anything about the case to the juror.

The next morning, the court placed the juror under oath. The juror confirmed that Justice had "asked me to ask Jennifer, Jennifer Rocker, for a job. She said, I'm still looking for a job." The juror testified that she did not respond to Justice, that she and Justice had previously worked together at a company for 30 years, and that Jennifer Rocker was the human resources director at another company. Asked by defense counsel whether she knew Justice "quite well," the juror demurred, explaining that they had worked in different departments. The juror added that she did not realize before that Justice and the victim were related and still did not know how they were related.

The trial court found that the juror was a credible witness, that she was unaware that Justice was related to the victim, that she did not respond to Justice, and that she did not have a close relationship with Justice. The court also found that there was no attempt to prejudice Appellant and that the juror could be fair. As the trial court and counsel for both sides recognized, the communication was improper. However, it was clearly inconsequential, because the record leaves no reasonable doubt that the juror contact caused no prejudice to Appellant. See *Clements*, 289 Ga. at 643.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

*Brandon Lewis*, for appellant.
*Fredric D. Bright, District Attorney, Samuel S. Olens, Attorney*

*General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General*, for appellee.