**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 1, 2014**

# In the Court of Appeals of Georgia

A14A0566. THE STATE v. LEATHERWOOD.

ELLINGTON, Presiding Judge.

Pursuant to OCGA § 5-7-1 (a) (1), the State of Georgia appeals from an order of the State Court of Clayton County, which granted Ed Daniel Leatherwood's special demurrer as to all six counts of the accusation against him. The State contends that the trial court erred in dismissing Counts 1, 2, and 5 of the accusation.[1] We agree and reverse the trial court's order with respect to those counts.

We review rulings on special demurrers de novo. *State v. Pittman*, 302 Ga. App. 531 (690 SE2d 661) (2010). Moreover, we do not conduct a harmless error analysis to determine if the accused has actually been prejudiced by the lack of specificity in an indictment or accusation when our review is made before trial. *State*

---

[1] The State does not challenge the court's decision as to Counts 3, 4, and 6.

*v. Gamblin*, 251 Ga. App. 283, 284 (1) (553 SE2d 866) (2001). "[R]ather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment [or accusation] perfect in form and substance." *State v. Delaby*, 298 Ga. App. 723, 724 (681 SE2d 645) (2009).

At issue in this appeal are the following counts of the accusation. In Count 1, the State charged Leatherwood

> with the offense of BATTERY-FAMILY VIOLENCE, for that the accused, on the 3rd day of June, 2011, in Clayton County, Georgia, did intentionally cause visible bodily harm, to wit: bruised bloody lip, to the person of Loretta Walker, said person and the accused were at the time of the battery living in the same household, by striking her.

In Count 2, the State charged Leatherwood

> with the offense of BATTERY for that the accused, on the 3rd day of June, 2011, in Clayton County, Georgia, did intentionally cause visible bodily harm, to wit: a bruised bloody lip, to Loretta Walker by striking her.

And, in Count 5, the State charged Leatherwood

> with the offense of CRIMINAL TRESPASS for that the accused, on the 3rd day of June, 2011, in Clayton County, Georgia, did intentionally damage a closet door, the property of Loretta Walker, without her

2

consent, by punching a hole in the door, said damage being less than $500.00.

Leatherwood argues on appeal that the trial court properly found that these counts are imperfect as to form and that they fail to fully inform him of the crimes charged so that he may prepare a defense or so that he may protect himself from another prosecution for the same offenses. Specifically, as to Counts 1 and 2, Leatherwood argued below that the accusation did not put him "on notice of any weapon, tool, instrument, or part of his body he allegedly employed" in causing the victim's injury. With respect to Count 5, Leatherwood argued that the accusation failed to inform him of the instrument or method by which he caused damage to the victim's closet door.

Although the counts at issue are awkwardly worded, they contain no defect as to form or substance. The accusation correctly identifies the crimes charged; it identifies when and where the crimes occurred; it identifies the victim; and it lists the material elements of each of the named offenses.[2] The accusation also specifies the

---

[2] "A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). The pertinent elements of simple battery are "intentionally caus[ing] physical harm to another." OCGA § 16-5-23 (a) (1). The pertinent element of family violence battery is that the offense of battery be committed by "persons living or formerly

3

manner in which Leatherwood battered the victim (by striking her and injuring her lip) and the manner in which he committed a criminal trespass (by punching a hole in the victim's closet door). Concerning the form of the accusation, "[e]very accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct." OCGA § 17-7-71 (c). The counts at issue satisfy this basic requirement. Moreover, unlike the accusation in *D'Auria v. State*, 270 Ga. 499, 500-501(1) (512 SE2d 266)(1999), the instant accusation does not present Leatherwood with a vague set of facts and circumstances that do not allow him to determine which of his acts are alleged to be criminal in nature.[3] To the contrary, the criminal acts in this case are clearly identified: striking the victim's lip, causing visible injury to it; and, punching a hole in the victim's closet door.

---

living in the same household[.]" OCGA § 16-5-23.1 (f). And a "person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less[.]" OCGA § 16-7-21 (a).

[3] Specifically, the indictment in *D'Auria* failed to identify which of the victim's body parts the defendant, a physician treating the victim following a car accident, allegedly touched without the victim's consent, failed to identify the manner in which the touching allegedly occurred, and did not recite all the elements of the crime. *D'Auria v. State*, 270 Ga. at 500-501(1).

The question posed by this appeal, then, is whether Leatherwood was entitled to an accusation that identified *what* he used to strike to the victim's lip and to punch her closet door. As we have explained,

> the true test of the sufficiency of an indictment [or accusation] to withstand a special demurrer is not whether it could have been made more definite and certain, but whether it . . . sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Punctuation and footnote omitted.) *State v. Barnett*, 268 Ga. App. at 901 (1). None of the crimes charged require proof that Leatherwood used any specific object or weapon to cause the injury or damage alleged. Whether Leatherwood struck the victim's lip with his fist or with a shoe does not materially affect what he must be prepared to meet at trial. The issue the jury must resolve will be whether he intentionally struck the victim, causing visible injury to her lip. The same is true for the criminal trespass count – did Leatherwood intentionally punch a hole in the victim's closet door? The resolution of that question does not turn on whether Leatherwood used his fist or a hammer. And, if, after jeopardy has attached, any other proceedings are taken against Leatherwood for offenses arising out of this incident,

5

the record shows with accuracy to what extent he may plead a former acquittal or conviction because the accusation sets forth specific acts arising from a specific event and adequately defines the offenses of battery, family violence battery, and criminal trespass to property. Thus, the State would not be able to bring a new prosecution for a crime arising out of the same criminal conduct by drafting an accusation that charged Leatherwood with a new offense simply by recasting the battery allegations in terms of striking the victim or her closet door with an object.[4] Consequently, the court erred in granting Leatherwood's special demurrer as to these counts.

*Judgment reversed in part. Phipps, C. J., and McMillian, J., concur.*

---

[4] The Fifth Amendment to the United States Constitution and the Georgia Constitution prohibit the government from placing a defendant in jeopardy twice for the same offense once he has been convicted or acquitted, and also prohibit multiple punishments for the same offense. Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII; *Garrett v. State*, 306 Ga. App. 429, 430 (702 SE2d 470) (2010). Georgia has by statute extended the prohibition of double jeopardy beyond those substantive constitutional limits by placing procedural bars on multiple prosecutions arising out of the same criminal conduct. OCGA §§ 16-1-6, 16-1-7, 16-1-8; *Stone v. State*, 166 Ga. App. 245 (1) (304 SE2d 94) (1983). OCGA §§ 16-1-7 (a) and 16-1-8 (a) codify the principle of substantive double jeopardy in that they bar multiple convictions or prosecutions for crimes arising from the same criminal conduct. OCGA § 16-1-8 (b) "embraces the concept of res judicata and is not constitutional double jeopardy, but is protection against subsequent prosecution where the defendant could have been, and under . . . OCGA § 16-1-7 (b), should have been prosecuted on a former prosecution." (Emphasis supplied.) *McCannon v. State*, 252 Ga. 515, 517 (315 SE2d 413) (1984). In this case, the facts would be sufficient to allow Leatherwood to invoke his rights under these constitutional and statutory provisions.